UNITED STATES DISTRICT COURT
DITRICT OF MASSACHUSETTS

| | |
|---|---|
| S.S., <br><br> Plaintiff <br><br> V. <br><br> CIGNA HEALTH AND LIFE INSURANCE COMPANY AND THE CINCINNATI FINANCIAL CORPORATION GROUP BENEFIT PLAN, <br><br> Defendants | CIVIL ACTION NO. |

## COMPLAINT

### INTRODUCTION

1. Plaintiff S.S. ("Plaintiff") brings this action against Cigna Health and Life Insurance Company ("Cigna") and The Cincinnati Financial Corporation Group Benefit Plan ("Plan") (collectively referred to as "Defendants"), for violation of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq.* ("ERISA"). S.S. is a participant in The Cincinnati Financial Corporation Group Benefit Plan ("Plan"), an ERISA welfare benefit plan, whose claims administration is handled by Cigna. Cincinnati Financial Corporation ("Cincinnati Financial") self-funds the Plan.

2. This Complaint challenges the Defendants': 1) failure to disclose all relevant documents utilized in its decision to limit S.S.'s benefits as required by ERISA; 2) failure to provide S.S. with a full and fair review of S.S.'s claim; and 3) failure to provide a reasonable claims procedure that would yield a decision on the merits of S.S.'s claim.

3. Plaintiff is filing this action to obtain the documents required to permit S.S. to perfect his appeal of Defendants' erroneous decision to deny his benefits, to enforce his rights under the

1

Plan and under ERISA, to clarify his rights under the terms of the Plan, and to recover costs and attorneys' fees as provided by ERISA.

## JURISDICTION

4. This court has personal and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e)(2) and (f), without regard to jurisdictional amount or diversity of citizenship, in that the Plan is administered in this district.

## PARTIES

5. S.S. resides in Kentucky. At the time of his treatment, which is the subject of this Complaint, S.S. was a covered dependent under the Plan and was located in New Hampshire.

6. The defendant, Cigna Health and Life Insurance Company, is a for-profit corporation with its principal place of business in Philadelphia. Cigna is licensed by the Massachusetts Division of Insurance to conduct business in Massachusetts, has offices in Massachusetts, and provides claims administration for the Plan at issue.

7. The Plan under which Plaintiff is suing is a health insurance plan defined by ERISA, 29 U.S.C.§1002(1). The Plan insures Massachusetts residents.

8. At all times relevant to the claims asserted in this Complaint, Cigna purported to act as an ERISA claims fiduciary with respect to participants of the Plan, generally, and specifically, with respect to Plaintiff, within the meaning of ERISA.

## STATEMENT OF FACTS

**Insurance Entitlement, Definitions of Disability, Discretion**

9. As a Plan beneficiary, S.S. is entitled to health insurance benefits under a contract of insurance issued by Cigna and insured by Cincinnati Financial.

10. Cincinnati Financial chose Cigna as the insurer of the health insurance Plan and chose the benefits available to Plan participants.

11. The Plan provides coverage for mental health treatment.

12. Cigna denied S.S.'s claims for mental health treatment.

**S.S.'s Claim for Benefits and the Internal Appeal**

13. In 2022, S.S. required mental health treatment, including residential treatment in New Hampshire, which is the subject of this lawsuit, as provided under the terms of the Plan.

14. The Plan provides coverage for mental health and substance use disorder treatment, noting:

    **Mental Health Services** are services that are required to treat a disorder that impairs the behavior, emotional reaction or thought processes. In determining benefits payable, charges made for the treatment of any physiological conditions related to Mental Health will not be considered to be charges made for treatment of Mental Health.

    **Substance Use Disorder** is defined as the psychological or physical dependence on alcohol or other mind-altering drugs that requires diagnosis, care, and treatment. In determining benefits payable, charges made for the treatment of any physiological conditions related to rehabilitation services for alcohol or drug abuse or addiction will not be considered to be charges made for treatment of Substance Use Disorder.

15. The Plan provides coverage for inpatient mental health treatment, including residential treatment. It defines inpatient mental health services as follows:

    **Inpatient Mental Health Services**
    Services that are provided by a Hospital while you or your Dependent is Confined in a Hospital for the treatment and evaluation of Mental Health. Inpatient Mental Health Services include Mental Health Residential Treatment Services.

    Mental Health Residential Treatment Services are services provided by a Hospital for the evaluation and treatment of the psychological and social functional disturbances that are a result of subacute Mental Health conditions.

    Mental Health Residential Treatment Center means an institution which specializes in the treatment of psychological and social disturbances that are the result of Mental Health conditions; provides a subacute, structured, psychotherapeutic treatment program, under the supervision of Physicians; provides 24-hour care, in which a person lives in an open setting; and is licensed in accordance with the laws of the appropriate legally authorized agency as a residential treatment center.

    A person is considered confined in a Mental Health Residential Treatment Center when she/he is a registered bed patient in a Mental Health Residential Treatment

Center upon the recommendation of a Physician.

16. On December 1, 2022, Cigna denied S.S.'s claim for residential treatment services.

**Request for Information**

17. The December 1, 2022 denial letter promised access to the following information as required by ERISA, stating:

    > You, your behavioral health care professional, or your approved representative can ask for free copies of the medical necessity criteria, clinical guidelines or other information used to make this decision.

18. On April 20, 2023, counsel for the Plaintiff requested a copy of S.S.'s complete claim file from Cigna's behavioral health administrator, Evernorth Behavioral Health ("Evernorth"), as instructed by the December 1, 2022 adverse benefit determination letter. The letter informed Cigna of the documents requested, and its legal obligations under ERISA. The letter further informed Cigna that failure to provide the requested documents within thirty (30) days may result in a penalty of $110 per day pursuant to ERISA's implementing regulations.

19. In his April 20, 2023 letter, Plaintiff also requested the following documents under the Mental Health Parity and Addiction Equity Act ("MHPAEA") and ERISA from Cigna:

    - The specific plan language regarding the limitation and identify all of the medical/surgical and mental health and substance use disorder benefits to which it applies in the relevant benefit classification;
    - The factors used in the development of the limitation and the evidentiary standards used to evaluate the factors;
    - The methods and analysis used in the development of the limitation; and
    - Any evidence to establish that the limitation is applied no more stringently, as written and in operation, to mental health and substance use disorder benefits than to medical and surgical benefits.

20. Neither Cigna nor its behavioral health administrator, Evernorth, responded to Plaintiff's letter.

21. Plaintiff wrote Evernorth again on May 22, 2023, requesting the documents required to be disclosed under ERISA.

22. Neither Cigna nor Evernorth responded to Plaintiff's May 22, 2023 letter.

23. Plaintiff submitted a follow up request for this information on June 6, 2023.

24. Neither Cigna nor Evernorth responded to Plaintiff's June 6, 2023 letter.

25. On May 30, 2023 S.S. filed his appeal to Cigna, as required by the terms of the December 1, 2022 adverse benefit determination letter.

26. S.S.'s May 30, 2023 appeal requested a 60-day extension of time from the receipt of his claim file to supplement the appeal because the Plaintiff had yet to receive a copy of the file and the MHPAEA guidelines.

27. Cigna did not respond to Plaintiff's May 30, 2023 appeal.

28. Despite several communications seeking Defendants' guidelines demonstrating the Plan's compliance with the MHPAEA, Cigna has failed to disclose this information.

29. Despite several communications seeking S.S.'s complete claim file, Cigna has failed to disclose this information.

30. Without this information, Plaintiff is unable to evaluate his claim for benefits, to pursue his claim for benefits, to perfect his appeal of Defendants' decision to deny his claim for benefits, and to access reimbursement for the medically necessary treatment he required.

**ERISA's Disclosure Requirements**

31. Administrators have an obligation to provide information to Plan participants and beneficiaries. This obligation includes a duty to respond to written requests for information about employee benefits and the documents relevant to a claim for benefits. Plan participants and beneficiaries have a cause of action if administrators fail to provide the requested information.

32. Specifically, 29 U.S.C. § 1132(c) provides for penalties for an administrator's refusal to supply required information. Specifically, 29 U.S.C. § 1132(c) indicates:

  (1) *Any* administrator….[who fails to provide certain information]

> (B) who fails or refuses to comply with a request for any information which such administrator is ***required by this subchapter to furnish*** to ***a participant or beneficiary*** (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, each violation described in subparagraph (A) with respect to any single participant, and each violation described in subparagraph (B) with respect to any single participant or beneficiary, shall be treated as a separate violation.

33. The penalty is due to be paid by any administrator who fails or refuses to comply with a request for information "which such administrator is required by this subchapter to furnish to a participant or beneficiary."

34. This penalty applies to the failure to provide the documents relevant to the Plan: "(4) The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." The administrator may make a reasonable charge to cover the cost of furnishing such complete copies. The Secretary may by regulation prescribe the maximum amount which will constitute a reasonable charge under the preceding sentence. 29 U.S.C. §1024(b)(4).

35. In addition to the summary plan descriptions and other documents under which the plan is operated, 29 U.S.C. §1029 provides that the Secretary of Labor may also prescribe what other documents should be furnished:

> (c) Format and content of summary plan description, annual report, etc., required to be furnished to plan participants and beneficiaries. The Secretary may prescribe

>the format and content of the summary plan description, the summary of the annual report described in section 1024(b)(3) of this title and ***any other report, statements or documents*** (other than the bargaining agreement, trust agreement, contract, or other instrument under which the plan is established or operated), ***which are required to be furnished or made available to plan participants and beneficiaries receiving benefits under the plan.***

[emphasis added]

36. Pursuant to §109(c) and 502(c) together, the Secretary is given authority to establish the format and content of what documents are required to be produced "by this subchapter." Therefore, "Any administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to . . .may in the court's discretion be personally liable" for a § 502(c) penalty.

37. Also, the Secretary has general authority under "this subchapter" to "prescribe such regulations as he finds necessary or appropriate to carry out the provisions of this title. 29 U.S.C. § 1135.

38. The Secretary of Labor's ERISA claim procedures regulations, set out in 29 C.F.R. § 2560.503-1(h)(2)(iii) describe the documents an administrator must disclose upon written request.

39. The regulations state that, to provide a full and fair review, a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits.

40. Whether a document, record, or other information is relevant to a claim for benefits is determined by reference to 29 C.F.R. § 2560.503-1 (m)(8).

41. The Secretary explained at 29 C.F.R. § 2560.503-1 (m)(8) that the following documents are relevant to the claim, and are thus required to be produced under ERISA:

>(8) A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information

(i) Was relied upon in making the benefit determination;

(ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;

(iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or

(iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

42. Cigna had an obligation to provide all the documents relevant to a claim that are required to be provided by the Department of Labor's ERISA claims regulations.

43. Cigna, as the claims administrator of the Plan, was in possession of all the documents requested by S.S. Moreover, Cigna was the only entity with any obligation to provide the documents who were also in possession of the documents requested.

44. To date, Cigna has failed to respond to S.S.'s request for these documents.

45. Cigna's failure to respond to S.S.'s requests has prohibited S.S. from properly determining his rights under the Plan and under ERISA and from pursuing his claim for benefits.

**The Mental Health Parity and Addiction Equity Act**

46. The MHPAEA requires that both fully insured and self-insured large group health plans that cover mental health and substance use disorder benefits do so in a way that is no more restrictive than for physical health (i.e., medical/surgical) benefits.

47. Cincinnati Financial did not opt out of the requirements of the MHPAEA.

48. 29 C.F.R. § 2590.712(d)(3) requires plans subject to the MHPAEA to disclose the following information upon request:

(3) *Provisions of other law.* Compliance with the disclosure requirements in paragraphs (d)(1) and (d)(2) of this section is not determinative of compliance

8

with any other provision of applicable Federal or State law. **In particular, in addition to those disclosure requirements, provisions of other applicable law require disclosure of information relevant to medical/surgical, mental health, and substance use disorder benefits.** For example, ERISA section 104 and § 2520.104b-1 of this chapter provide that, for plans subject to ERISA, instruments under which the plan is established or operated must generally be furnished to plan participants within 30 days of request. **Instruments under which the plan is established or operated include documents with information on medical necessity criteria for both medical/surgical benefits and mental health and substance use disorder benefits, as well as the processes, strategies, evidentiary standards, and other factors used to apply a nonquantitative treatment limitation with respect to medical/surgical benefits and mental health or substance use disorder benefits under the plan.** In addition, §§ 2560.503-1 and 2590.715-2719 of this chapter set forth rules regarding claims and appeals, including the right of claimants (or their authorized representative) upon appeal of an adverse benefit determination (or a final internal adverse benefit determination) to be provided upon request and free of charge, reasonable access to and copies of all documents, records, and other information relevant to the claimant's claim for benefits. **This includes documents with information on medical necessity criteria for both medical/surgical benefits and mental health and substance use disorder benefits, as well as the processes, strategies, evidentiary standards, and other factors used to apply a nonquantitative treatment limitation with respect to medical/surgical benefits and mental health or substance use disorder benefits under the plan**.

(Emphasis added).

49. Under 29 C.F.R. § 2590.712(d)(3), Cigna was required to provide Plaintiff with "instruments under which the plan is established or operated" within 30 days of Plaintiff's request.

50. Despite repeated requests, Cigna has failed to disclose the documents required by 29 C.F.R. § 2590.712(d)(3).

51. Cigna has not maintained that the above information is not required to be disclosed under ERISA and the MHPAEA.

52. Without this information, Plaintiff is unable "to make informed decisions about how to best protect their rights.'" *Moothart v. Bell*, 21 F.3d 1499, 1503 (10th Cir. 1994).

**FIRST CAUSE OF ACTION**

**(PENALTY AGAINST DEFENDANTS AS THE ADMINISTRATORS OF THE PLAN FOR FAILURE TO PROVIDE DOCUMENTS)**

53. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

54. Under ERISA 29 U.S. Code § 1132 (a), "a civil action may be brought (1) by a participant or beneficiary (A) for relief provided for in subsection (c) of this section."

55. S.S. as a Plan participant and beneficiary has a right to enforce this obligation and seek redress of an administrator's violation.

56. Subsection (c) of 29 U.S.C. § 1132 notes that any administrator "who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary," shall be "in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper."

57. Cigna, as the claims administrator, is a fiduciary under the Plan, and is subject to the requirements of 29 U.S.C. § 1132.

58. 29 U.S.C. § 1132(c), the terms of the Plan, and Cigna's own interpretation of ERISA's requirements and the Plan terms as articulated in its adverse determination letters require Cigna to disclose S.S.'s claim file to him within 30 days of a written request for information.

59. 63 days have passed since S.S. requested a copy of his claim file and the documents required to be disclosed under the MHPAEA. 33 days have passed since Cigna was required to disclose this information to the Plaintiff.

60. At $110 per day, Cigna should be penalized $3,630 for their failure to disclose S.S.'s Claim File pursuant to his written request.

61. Defendants' actions in failing to provide S.S. with a copy of the documents relevant to Defendants' adverse benefit decision constitutes a violation of ERISA.

62. S.S. has been harmed by Defendants' failure to provide such documents. His ability to pursue

his appeal of Defendants' adverse benefit decision has been negatively impacted by Defendants' failure to disclose a copy of S.S.'s claim file and the Plan documents demonstrating compliance with the MHPAEA.

63. Defendants' disregard for ERISA's requirement that they disclose a copy of his claim file in response to a denial of health insurance benefits mandates the application of the maximum penalty for the withholding of documents pursuant to ERISA.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty)
### (ALL DEFENDANTS)

64. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

65. Defendants failed to provide S.S. with the information required by ERISA to pursue its unsupported adverse benefit decision.

66. As a direct, proximate, and foreseeable result of the Defendants' misconduct, S.S. has been injured and is entitled to equitable and other relief.

67. S.S. is entitled under 29 U.S.C. § 1132 to an order requiring the Defendants to provide him with the requested Plan documents.

68. S.S.'s pursuit of this matter benefits all members of the Plan, particularly those individuals unaware of ERISA's disclosure requirements, the timeframes for those disclosures, and how to effectively appeal an adverse benefit decision.

## THIRD CAUSE OF ACTION
### (Attorneys' Fees and Costs)
### (ALL DEFENDANTS)

69. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

70. Under the standards applicable to ERISA, Plaintiff deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. §1132(g).

71. The Defendants have the ability to satisfy the award.

72. Plaintiff's conduct of this action is in the interests of all participants who subscribe to the Plan, particularly those whose benefits have been denied, and the relief granted hereunder will benefit all such participants.

73. The Defendants acted in bad faith in ignoring and refusing to respond to S.S.'s request for documents to which he is entitled under the Plan despite their promises to provide such information and the requirement to make such information available to Plan participants.

74. The award of attorneys' fees against the Defendants will deter others acting under similar circumstances.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1) Declare, adjudge and decree that Defendants are required to disclose S.S.'s Claim File to S.S., without any redaction or withholding of documents.

(2) Declare, adjudge and decree that the Defendants are required to pay S.S. the full amount of the statutory penalty under 29 U.S.C. § 1132(c)(1) as of the date the documents are disclosed to Plaintiff.

(3) Order that the Defendants make restitution to Plaintiff in the amount of any losses sustained by Plaintiff in consequence of the wrongful conduct alleged herein, together with prejudgment interest.

(4) Award Plaintiff the costs of this action and reasonable attorneys' fees; and

(5) Award such other relief as the court deems just and reasonable.

Dated: June 22, 2023                     Respectfully submitted for the Plaintiff,


                                                   By:     /s/ Mala M. Rafik

                                                   Mala M. Rafik
                                                   BBO No. 638075
                                                   ROSENFELD & RAFIK, P.C.
                                                   184 High Street, Suite 503
                                                   Boston, MA 02110
                                                   T: 617-723-7470
                                                   F: 617-227-2843
                                                   E:  mmr@rosenfeld.com